UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NATHAN ALBRECHT,                    )
                                    )
              Petitioner,           )
                                    )
        v.                          )       No. 2:22-cv-00344-JPH-MKK
                                    )
WARDEN,                             )
                                    )
              Respondent.           )

**ORDER DENYING PETITION FOR HABEAS CORPUS**

Nathan Albrecht challenges his Indiana conviction for possessing child pornography under Cause No. 19C01-1910-F5-1109. He also moves to compel the production of items outside the state court record. Dkt. 11. The motion to compel and Mr. Albrecht's habeas petition are **denied**.

## I. Background

### A. Investigation and Trial

In 2019, a 12-year-old boy gave a forensic interview accusing Mr. Albrecht of molesting him. Dkt. 7-6 (Direct Appeal Opinion). The Dubois County Prosecutor obtained a search warrant for Mr. Albrecht's apartment and police found in the bathroom a box of condoms, a bag of used condoms, and a bag containing a large external hard drive. *Id.* at 3. Police obtained a search warrant for the hard drive and found thousands of pictures and videos of child pornography. *Id.* They later obtained three additional search warrants for Mr. Albrecht's apartment and media devices. *Id.*

Mr. Albrecht filed a pretrial motion challenging the validity of the warrant to search the external hard drive and the three additional warrants. *Id.* at 4. The trial court denied the motion, and the Indiana Court of Appeals affirmed on interlocutory appeal. *Id.*; *see Albrecht v. State,* 159 N.E.3d 1004 (Ind. Ct. App. 2020) (interlocutory opinion). The Indiana Supreme Court denied Mr. Albrecht's petition to transfer. *Albrecht v. State,* 166 N.E.3d 911 (Ind. 2021).

At trial, Mr. Albrecht objected to evidence retrieved from the hard drive, arguing that the initial warrant to search his apartment lacked probable cause and that the seizure of the hard drive was fruit of the poisonous tree. Dkt. 7-6 at 4. The objection was overruled, and Mr. Albrecht was convicted on 10 counts of possessing child pornography. *Id.*

**B. Direct Appeal**

On direct appeal, Mr. Albrecht challenged the initial search warrant on two grounds. First, that the warrant was stale because the 12-year-old boy stated in the interview that the molestation had occurred during the last 6 to 9 months. *Id.* at 8-9. The Indiana Court of Appeals rejected that argument on the merits. *Id.* at 9. Second, that the officer who conducted the forensic interview did not establish the 12-year-old boy's credibility. *Id.* at 9-10. The Indiana Court of Appeals held that this argument was waived for failure to present a cogent argument. *Id.* at 10.

Mr. Albrecht also challenged the sufficiency of the evidence on two grounds. First, with respect to all counts, he argued that the hard drive was found in a common area of his apartment and that there is no evidence about

whether other people lived there. *Id.* at 12. The Indiana Court of Appeals engaged in a two-step constructive possession analysis, considering whether he could exercise dominion over the hard drive and whether he knew the hard drive was in the apartment and what it contained. *Id.* at 13-14. The court reasoned that Mr. Albrecht could exercise dominion over the hard drive because it was in his residence. *Id.* at 13. The court also reasoned that he knew the hard drive was in his apartment and knew what it contained because (1) it was found near condoms matching a description given by the 12-year-old boy in the forensic interview and (2) the hard drive contained a shortcut linked to Mr. Albrecht's computer hard drive. *Id.* at 13-14.

Second, Mr. Albrecht argued that the evidence is insufficient with respect to Count 9. *Id.* at 14-15. In the video underlying Count 9, the videographer slaps a young boy across the face 12 times and fights off another adult trying to rescue him. *Id.* At times, the boy's genitals are exposed. *Id.* Mr. Albrecht argued that the video did not contain "sadomasochistic abuse," which Indiana law defines as "flagellation or torture by or upon a person as an act of sexual stimulation or gratification." *Id.* at 14-15 quoting Ind. Code § 35-49-1-8. The Court of Appeals held that, "Given that the motion picture depicts an adult male repeatedly striking a small child, who is crying the entire time, the trial court was free to find this intentional infliction of pain to be torture" and an act of sexual stimulation or gratification. *Id.* at 16. The court also held, as a second basis for the sufficiency of the evidence, that the video qualified as child pornography based on sexual conduct other than sadomasochistic abuse because it contained

3

the "exhibition of the uncovered genitals of the child." *Id.* at 15. While the State had not made this argument below, the court reasoned that Indiana appellate courts "will affirm a conviction on any basis fairly presented by the record." *Id.*

Finally, Mr. Albrecht argued that the statutory definition of "sadomasochistic abuse" is unconstitutionally vague. *Id.* at 17-18. The court rejected this argument on two grounds. First, the court held that it need not address the argument on the merits "because Albrecht's conviction on count nine can be affirmed on another basis," since the video contained sexual conduct other than sadomasochistic abuse. *Id.* at 17. Second, the court held that the issue was waived for appellate review "[b]ecause Albrecht neither moved to dismiss on this ground or argued that the term 'sadomasochistic abuse' was unconstitutionally vague at trial." *Id.* at 18.

Judge Crone concurred in part and dissented in part. *Id.* at 21-26. He reasoned that the evidence is insufficient on Count 9 because "[t]here is simply nothing from which a finder of fact could reasonably infer that the torture depicted in the motion picture was an act of sexual stimulation or gratification for either the torturer or the child." *Id.* at 22. He also disagreed with affirming Count 9 based on "sexual conduct other than sadomasochistic abuse," because he believed that approach presented "insurmountable due process concerns." *Id.* at 24. He explained that while the charging information itself did not specifically allege that the video contained sadomasochistic abuse, the defense attorney

understood sadomasochistic abuse to be the basis of the charge, as did the deputy prosecutor and the judge presiding over the bench trial. *Id.* at 25.[1]

Mr. Albrecht petitioned to transfer to the Indiana Supreme Court.  In his petition, he did not include his Fourth Amendment claims or his claim that "sadomasochistic abuse" is unconstitutionally vague. Dkt. 7-7. The petition raised his constructive possession claim and his claim that the video underlying Count 9 did not contain sadomasochistic abuse. *Id.* The petition also echoed the dissenting judge's due process concern with respect to the majority's alternative theory that the video contained sexual conduct other than sadomasochistic abuse. *Id.* The Indiana Supreme Court denied the petition to transfer. Dkt. 7-10.

## C. Federal Habeas Petition

Mr. Albrecht's habeas petition raises four issues. First, that the warrant to search his hard drive "violated the 4th Amendment due to lack of probable cause and failing to meet the particularity requirement." Dkt. 2 at 3. Second, that the initial warrant to search his apartment "violated the 4th Amendment due to the use of stale information." *Id.* Third, that the evidence is insufficient on all counts because the state did not prove constructive possession. *Id.* at 4. Fourth, that the majority violated his right to due process by affirming his conviction on Count 9 based on its alternative theory that the video contained sexual conduct other than sadomasochistic abuse. *Id.*

---

[1] The dissent also suggested that the video might contain "serious literary, artistic, political, or scientific value," as understood by Indiana Code Section 35-42-4-4(d), and that it did not qualify as sexual conduct other than sadomasochistic abuse. Dkt. 7-6 at 24-26.

## II. Legal Standard

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). AEDPA directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.*

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—

6

why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc).

### III. Discussion

#### A. Motion to Compel

Mr. Albrecht has filed a motion to compel, seeking the transcript from the 12-year-old boy's forensic interview, the police report from his child molesting conviction in another case, and photos taken by the police pursuant to the initial warrant to search his apartment. Dkt. 11.[2] The respondent objects to producing these items because they are not part of the state court record. Dkt. 14.

A writ of habeas corpus may issue "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). To respect our system of dual sovereignty, *see Printz v. United States*, 521 U.S. 898, 918 (1997), the availability of habeas relief is narrowly circumscribed, *see Brown v. Davenport*, 142 S. Ct. 1510 (2022). "Among other restrictions, only rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not previously present to the state courts in compliance with state procedural rules." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1730 (2022). "If a prisoner 'failed to develop the factual basis of a claim in State court proceedings,' a federal court may admit new evidence, but only in two quite limited situations." *Shoop v. Twyford*, 142 S. Ct. 2037, 2044 (2022) (quoting 28 § 2254(e)(2)). "Either the claim must rely on a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by [the United States Supreme Court], or it must rely on 'a factual predicate that could not have been

---

[2] He also sought to compel other materials that were part of the state court record and that Respondent has provided to him. *See* dkt. 14.

previously discovered through the exercise of due diligence.'" (*Shoop*, 142 S. Ct. at 2044 (quoting 28 § 2254(e)(2)(A)).

Mr. Albrecht does not argue that his case fits either exception. His two-page motion to compel merely lists the requested items and says, "If this motion is not granted, the Petitioner will not have the exhibits to adequately present their arguments before the court." Dkt. 11. Mr. Albrecht did not file a reply in support of the motion to compel and his reply in support of his habeas petition does not identify any need for additional evidence outside the state court record.[3] Dkts. 17, 17-1.

Mr. Albrecht therefore has not shown a basis to compel the respondent to produce evidence from outside the state court record, so the motion to compel is **DENIED**. Dkt. 11.

## B. Issues 1 and 2 – Fourth Amendment

The respondent argues that Issues 1 and 2 are non-cognizable because Mr. Albrecht "was given a full and fair opportunity to litigate his search-and-seizure claims in state court" and procedurally defaulted because Mr. Albrecht did not present them to the Indiana Supreme Court in his petition to transfer. Dkt. 7 at 11-13.

A habeas petitioner asserting Fourth Amendment claims must show more than a mere constitutional violation; he must show that the state courts did not provide "an opportunity for full and fair litigation" of his Fourth Amendment

---

[3] It does, however, quote the 12-year-old boy's forensic interview, indicating that Mr. Albrecht may have obtained the transcript elsewhere. Dkt. 17-1 at 7.

claim. *Stone v. Powell*, 428 U.S. at 465, 494 (1976). So long as the state court "heard the claim, looked to the right body of case law, and rendered an intellectually honest decision," federal habeas review of a Fourth Amendment violation is precluded. *Monroe v. Davis*, 712 F.3d 1106, 1115 (7th Cir. 2013). In deciding whether the petitioner had a "full and fair hearing" on his Fourth Amendment claim in state court, federal courts look to the last reasoned state-court decision to address the merits of the claim. *Id.* at 1115-16.

Under that rule, Issue 1 is non-cognizable.  The Indiana Court of Appeals heard his claim, identified Fourth Amendment precedent, applied that precedent to the facts, and issued an intellectually honest decision. *Albrecht*, 159 N.E.3d 1004. Indeed, Mr. Albrecht does not argue that he was denied a full and fair opportunity to litigate Issue 1, but "objects to the faulty precedent set forth almost fifty years ago by *Stone*" and argues that "[t]his precedent needs to be reviewed and reversed as it violates the safeguards put in place to protect citizens from Constitutional violations perpetrated by state courts." Dkt. 17-1 at 5; *see* dkt. 1 at 2. This Court cannot disregard Supreme Court precedent; it can only acknowledge that Mr. Albrecht has made and preserved the argument. *See United States v. Faulkner*, 793 F.3d 752, 756 (7th Cir. 2015). Issue 1 is non-cognizable under *Stone* and must be **dismissed**.[4]

For Issue 2, it is "[i]nherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus . . . to fairly

---

[4] The Court therefore does not address Respondent's argument that Mr. Albrecht procedurally defaulted this claim on direct appeal even though he raised it at all levels of his interlocutory appeal. *See* dkt. 7 at 12–13.

present his federal claims to the state courts." *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (in turn citing 28 U.S.C. § 2254(b)(1)(A)). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006).

Here, there is no dispute that Mr. Albrecht failed to include Issue 2 in his petition to transfer on direct appeal. Mr. Albrecht relies on Rule 58(A) of the Indiana Rules of Appellate Procedure, which states, "Upon the grant of transfer, the Supreme Court shall have jurisdiction over the appeal and all issues as if originally filed in the Supreme Court." Dkt. 17-1 at 12. But in this case, the Indiana Supreme Court denied his petition to transfer. So even if Rule 58(A) might rescue a claim when a transfer petition is granted, it has no effect on this case. *See Hinesley v. Knight*, 837 F.3d 721, 735–36 (7th Cir. 2016) (holding Indiana petitioner's claim procedurally defaulted because petitioner failed to fully and fairly present the claim in his petition to transfer to the Indiana Supreme Court). Issue 2 was not presented to the Indiana Supreme Court and is **dismissed for procedural default**.[5]

---

[5] The Court therefore does not address whether Issue 2 is non-cognizable under *Stone*.

**C. Issue 3 – Constructive Possession**

Mr. Albrecht claims that the evidence is insufficient to support all 10 convictions for possession of child pornography because he did not constructively possess the external hard drive found in the bathroom of his apartment. The respondent contends that the Indiana Court of Appeals' constructive possession holding reasonably applied United States Supreme Court precedent and is therefore entitled to deference under AEDPA. Dkt. 7 at 14-15.

Evidence is constitutionally sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[H]abeas reviews of *Jackson* claims are subject to two levels of judicial deference creating a high bar: first, the state appellate court determines whether any rational trier of fact could have found the evidence sufficient; second, a federal court may only overturn the appellate court's finding of sufficient evidence if it was objectively unreasonable." *Saxon v. Lashbrook*, 873 F.3d 982, 987–88 (7th Cir. 2017). "Federal review of these claims turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1999) (cleaned up).

Here, the Indiana Court of Appeals recited Indiana's legal standard for constructive possession claims and relied on the Indiana statute defining

12

"knowing" and "intentional" conduct. Dkt. 7-6 at 12–13 (citing Ind. Code § 35-41-2-2(a), (b)). It then cited case law establishing that this *mens rea* may be proven by circumstantial evidence. Dkt. 7-6 at 12 (citing *Chastain v. State*, 58 N.E.3d 235, 240 (Ind. Ct. App. 2016)). The Indiana Court of Appeals also addressed Mr. Albrecht's argument that the State failed to prove his exclusive control over the bathroom where the hard drive was found by citing evidence that Mr. Albrecht knew the hard drive was in the apartment and what it contained. Dkt. 7-6 at 13 (noting that "Jasper Police Department Detective Martin Loya conducted a forensic examination of the external hard drive and testified that he found a 'shortcut' on that drive that was linked to the internal hard drive ('C drive') of a computer, and the shortcut indicated that 'Nathan' is 'the person who uses' that computer."). The court ultimately concluded that "a trier-of-fact could reasonably infer that Albrecht, who lived in the apartment and whose first name is Nathan, intended to maintain dominion and control over the external hard drive and the motion pictures found on it, i.e., that he knowingly or intentionally possessed them." Dkt. 7-6 at 13-14.

Given this thorough analysis and reliance on correct legal standards, the Indiana Court of Appeals fairly and reasonably adjudicated Mr. Albrecht's constructive possession argument. His request for relief on Issue 3 is **denied**.

### D. Issue 4 – Due Process

Mr. Albrecht claims that his conviction on Count 9 violated the 5th Amendment on due process grounds because the charging document did not allege sadomasochistic abuse. The respondent contends that Mr. Albrecht was

not deprived of due process because the State was not required to and did not attempt to obtain the conviction based on sadomasochistic abuse. *Id.* at 17.

Mr. Albrecht abandons Issue 4 in his reply. Dkt. 17 ("The petitioner will abandon Ground 4 as, though it has merit, the Petitioner will choose to focus on the first three grounds."). He therefore is not entitled to relief on this ground.

Moreover, the claim fails on the merits. The Indiana Court of Appeals affirmed the conviction on Count 9 because the State was not required to prove sadomasochistic abuse, the trial court found sadomasochistic abuse only after Mr. Albrecht argued that it was not depicted, and the evidence was sufficient to sustain the conviction under both the State's theory and the trial court's. Dkt. 7-6 at 15–16.

Even construing the petition in the light most favorable to Mr. Albrecht, he does not dispute the state trial court's finding that the relevant video contained sadomasochistic abuse. *See* dkt. 1.[6] Nor does he cite any authority challenging the Court of Appeal's finding that sufficient evidence supported his conviction regardless of whether it was based on sadomasochistic abuse. *See id.*

In short, the trial court and the Court of Appeals majority found sufficient evidence that the video contained sadomasochistic abuse and that Mr. Albrecht was therefore guilty of possessing child pornography. Mr. Albrect has not shown that the majority's holding could have violated his right to due process. Mr. Albrecht's request for relief on Issue 4 is **denied**.

---

[6] Mr. Albrecht did not challenge the sufficiency of his charging information in the Indiana Court of Appeals. To the extent Mr. Albrecht seeks to raise such a claim now, it is procedurally defaulted.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Because reasonable jurists would all agree that Mr. Albrecht's claims are procedurally defaulted, non-cognizable, moot, or otherwise without merit, a certificate of appealability shall not issue.

15

## V. Conclusion

The motion to compel is **DENIED**. Dkt. [11]. Mr. Albrecht's habeas petition

is **DENIED**. A certificate of appealability **SHALL NOT ISSUE**. The **CLERK SHALL**

issue final judgment in accordance with this Order.

**SO ORDERED**.

Date: 3/28/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NATHAN ALBRECHT
283160
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All electronically registered counsel